# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HSBC Bank USA,
              *Plaintiff-Appellee,*

v.

F&M Bank-Northern Virginia,
              *Defendant-Appellant.*

No. 00-2052

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-99-1967-A)

Argued: March 1, 2001

Decided: April 4, 2001

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by published opinion. Senior Judge Hamilton wrote the
opinion, in which Judge King and Judge Gregory joined.

---

## COUNSEL

**ARGUED:** F. Douglas Ross, ODIN, FELDMAN & PITTLEMAN,
P.C., Fairfax, Virginia, for Appellant. Linda Lemmon Najjoum,
HUNTON & WILLIAMS, McLean, Virginia, for Appellee. **ON
BRIEF:** Thomas N. Tartaro, ODIN, FELDMAN & PITTLEMAN,
P.C., Fairfax, Virginia, for Appellant. Jill M. Dennis, HUNTON &
WILLIAMS, McLean, Virginia, for Appellee.

**OPINION**

HAMILTON, Senior Circuit Judge:

On or about March 31, 1999, Donald Lynch purchased a check (the Check) from Allied Irish Bank (AIB) in Ireland. The Check was made payable to Advance Marketing and Investment Inc. (AMI) in the amount of US$250.00, which was hand written as "Two Hundred + Fifty" on the center line of the Check (with "US Dollars" hand written on the line below), (*i.e.*, the written portion of the Check), and "US$250.00" hand written on the upper right-hand side of the Check (*i.e.*, the numerical portion of the Check). The manner in which AIB made out the Check left just less than one-half inch of open space in the numerical portion and one inch of open space in the written portion.

The drawee/payor on the Check was Marine Midland Bank, now known as HSBC Bank USA (HSBC). Prior to the Check's deposit into AMI's account at F&M Bank-Northern Virginia (F&M), the amount of the Check was altered from $250.00 to $250,000.00 by adding three zeros and changing the period to a comma in the numerical portion of the check and adding the letters "Thoud" in the written portion. The alteration was unauthorized, and the Check was endorsed "A.M.I., Inc."

F&M presented the Check for payment to HSBC. In so doing, F&M warranted, pursuant to Virginia Code § 8.4-207.2(a)(2), that the Check "had not been altered." Va. Code Ann. § 8.4-207.2(a)(2) (Cum. Supp. 2000). HSBC honored the Check as presented and paid $250,000.00 to F&M, and debited AIB's account for that amount.

HSBC was subsequently advised by AIB of the Check's unauthorized alteration. HSBC then recredited AIB's account for the amount of the unauthorized alteration and brought the present diversity action against F&M in the United States District Court for the Eastern District of Virginia. Among other claims not relevant to the present appeal, F&M alleged a claim for breach of presentment warranty pursuant to Uniform Commercial Code § 4-207(1)(c) and (2)(c).

Using the Virginia Commercial Code as the substantive law governing HSBC's breach of presentment warranty claim, on July 12, 2000, the district court conducted a bench trial on the claim.[1] F&M asserted as an affirmative defense that by leaving the open spaces as it did in the numerical and written portions of the Check, AIB failed to exercise ordinary care in preparing the Check, which failure substantially contributed to the unauthorized alteration of the Check.[2] The only evidence F&M actually submitted in support of its affirmative defense was the Check itself.

---

[1] The parties agreed that Virginia's Commercial Code governed HSBC's breach of presentment warranty claim. The applicable provision of Virginia's Commercial Code provides as follows:

> (a)   If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft, (i) the person obtaining payment or acceptance, at the time of presentment, and (ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee that pays or accepts the draft in good faith that: . . . (2) the draft has not been altered . . . .

Va. Code Ann. § 8.4-207.2(a)(2) (Cum. Supp. 2000).

[2] F&M asserted its affirmative defense pursuant to Virginia Commercial Code § 8.4-207.2(c), which provides, in relevant part, as follows:

> If a drawee asserts a claim for breach of warranty under subsection (a) based on . . . an alteration of the draft, the warrantor may defend by proving that . . . the drawer is precluded under [Virginia Commercial Code] § 8.3A-406 . . . from asserting against the drawee the . . . alteration.

Va. Code Ann. § 8.4-207.2(c). To restate this section using the names of the actual parties in this case, the section provides that F&M, the warrantor, can defend against the warranty claim of HSBC, the drawee, by proving that AIB, the drawer, is precluded under Virginia Commercial Code § 8.3A-406 from asserting the unauthorized alteration of the Check against HSBC. Of relevance in this appeal, AIB is precluded from asserting the unauthorized alteration of the Check against HSBC under Virginia Commercial Code § 8.3A-406(a), if AIB failed to exercise ordinary care in preparing the check and such failure substantially contributed to the unauthorized alteration of the Check. Va. Code Ann. § 8.3A-406(a). Notably, the question of whether AIB failed to exercise ordinary care in preparing the Check is a question to be answered by the trier of fact. Va. Code Ann. § 8.3A-406 cmt. 1 (Cum. Supp. 2000).

The district court found that HSBC had established all elements of its breach of presentment warranty claim under Virginia Commercial Code § 8.4-207.2(a)(2). The district court also found that AIB had exercised ordinary care in preparing the Check. In this last regard, the district court stated:

> I have examined this check. And, of course, there does have [sic] to be sufficient writing on a check that there is not an open space so someone can fill it in for additional amounts and alter the check.
>
> But regardless of what you do about writing in zero, zero over 100 and then put a line in, which is, I guess, the standard way to do it—I don't know that if I looked at all the checks in this country that I would know the standard. It is the way I have always done it. There is still some kind of an open space regardless of what you do.
>
> And so, the test has got to be is that line sufficiently filled so that someone cannot come along and add into that writing in a way that just alters the check so that it will go through unnoticed.
>
> That certainly wasn't done on this check. This check was substantially written across the line. As a matter of fact, it was written far enough along the line that you could not write the word "thousand" in. It had to be scrawled up in the manner in which it was.
>
> And I just[,] looking at this check[,] and the way it is made out, I can't find that the preparer was negligent or participated in the alteration of it.
>
> There was sufficient writing there that any alteration that was made was obvious. And I can't find negligence in that regard.

(J.A. 242).

Subsequently, on July 31, 2000, the district court entered an order stating that for the reasons stated from the bench, judgment should be entered in favor of HSBC in the amount of $249,750.00, plus interest at the rate of 9% from April 13, 1999 to the date of the entry of judgment. The docket sheet reflects that such judgment was entered on July 31, 2000. F&M noted a timely appeal.[3]

On appeal, F&M contends the district court's factual finding that AIB exercised ordinary care in preparing the Check is clearly erroneous. F&M seeks reversal of the judgment in favor of HSBC solely upon this basis. For the reasons stated below, we affirm.

I.

F&M concedes that if the district court's factual finding that AIB exercised ordinary care in preparing the Check is not clearly erroneous, it cannot successfully rely upon its affirmative defense to HSBC's breach of presentment warranty claim and, therefore, the judgment in favor of HSBC should be affirmed. Fed. R. Civ. P. 52(a) (providing that a district court's finding of fact shall not be set aside unless clearly erroneous). We now turn to consider whether the district court's factual finding that AIB exercised ordinary care in preparing the Check is clearly erroneous.

The "foremost" general principle governing the exercise of our appellate power to overturn factual findings of a district court "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Accordingly, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." *Id.* at 573-74.

---

[3]On September 13, 2000, a consent order was entered staying the effect of the judgment pending appeal upon F&M Bank's posting a supersedeas bond of $249,000, which it did.

The only evidence submitted by F&M in support of its burden of proving that AIB failed to exercise ordinary care in making out the Check was the Check itself. The district court physically examined the Check, including the just less than one-half inch of open space in the numerical portion of the Check and the one inch of open space in the written portion of the Check. Based upon this physical examination, the district court found that AIB had filled in the open spaces in the numerical and written portions of the check sufficiently such that "any alteration that was made was obvious." (J.A. 242). Accordingly, the district court found that AIB had exercised ordinary care in making out the Check.

After reviewing a copy of the Check contained in the joint appendix (the sole evidence on this issue presented below), we are not left with a definite and firm conviction that the district court's finding that AIB exercised ordinary care in making out the Check is wrong, mistaken, or implausible. Indeed, we see sound logic in the district court's rationale that if the written portion of the Check contained enough writing such that the Check's alteration could only be accomplished with the "scrawled up," abbreviated form of the word "thousand," *i.e.* "Thoud," ordinary care was exercised in making out the Check. (J.A. 242). In short, we hold that the district court's factual finding that AIB exercised ordinary care in making out the check is not clearly erroneous.

We also note that F&M's reliance upon the following comment to Virginia Commercial Code § 8.3A-406 is misplaced:

> 3. The following cases illustrate the kind of conduct that can be the basis of a preclusion under Section 3-406(a): . . . Case #3. A company writes a check for $10. The figure "10" and the word "ten" are typewritten in the appropriate spaces on the check form. A large blank space is left after the figure and the word. The payee of the check, using a typewriter with a type face similar to that used on the check, writes the word "thousand" after the word "ten" and a comma and three zeros after the figure "10." The drawee bank in good faith pays $10,000 when the check is presented for payment and debits the account of the drawer in that amount. The

> trier of fact *could* find that the drawer failed to exercise ordinary care in writing the check and that the failure substantially contributed to the alteration. In that case the drawer is precluded from asserting the alteration against the drawee if the check was paid in good faith.

Va. Code Ann. § 8.3A-406, cmt. 3 (Cum. Supp. 2000) (emphasis added). This illustration is easily distinguishable from the facts of the present case. First, the illustration involves typewritten preparation of a check. The small nature of typewritten characters obviously would take up much less space than the handwriting involved in the present case. Furthermore, the actual number of words and numbers typed on the check that is discussed in the commentary prior to alteration is significantly less than the number of words and numbers AIB hand wrote on the Check prior to its alteration.

Because the district court's finding that AIB exercised ordinary care in making out the Check is not clearly erroneous, we affirm the judgment in favor of HSBC.

*AFFIRMED*