**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1441**

HALIRON POWER LLC,

Plaintiff – Appellant,

v.

FLUOR DANIEL CARIBBEAN, INC., a subsidiary of Fluor Enterprises, Inc.; ZURICH AMERICAN INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; LIBERTY MUTUAL INSURANCE COMPANY,

Defendants – Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Joseph Dawson, III, District Judge.  (6:18-cv-02911-JD)

Submitted:  February 19, 2026                    Decided:  March 30, 2026

Before KING, GREGORY, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Russell T. Burke, Columbia, South Carolina, Burl F. Williams, WILLIAMS BURKE LLP, Greenville, South Carolina, for Appellant.  N. Ward Lambert, D. Gregory Placone, Greenville, South Carolina, Taylor M. Morris, W. Greyson Land, P. Nicholas Nybo, HUDSON LAMBERT PARROT, LLC, Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Haliron Power LLC appeals from the adverse judgment of the District of South Carolina, entered in favor of the defendants, Fluor Daniel Caribbean, Inc., Zurich American Insurance Company, Federal Insurance Company, Travelers Casualty and Surety Company, Fidelity and Deposit Company of Maryland, and Liberty Mutual Insurance Company (collectively "defendants").  Following a seven-day bench trial in Greenville in January 2024, the district court issued its June 2024 bench verdict in favor of the defendants on Haliron's claims for breach of contract and quantum meruit, along with a payment bond claim under the Miller Act, *see* 40 U.S.C. § 3131 *et seq.*, and a claim for attorneys' fees and interest pursuant to S.C. Code Ann. § 27-1-15.  *See Haliron Power LLC v. Fluor Daniel Caribbean, Inc.*, No. 6:18-cv-02911 (D.S.C. June 27, 2024), ECF No. 179 (the "Bench Verdict").  Haliron timely moved for a reconsideration of the Bench Verdict, which the court denied in March 2025.  *See Haliron Power LLC v. Fluor Daniel Caribbean, Inc.*, No. 6:18-cv-02911 (D.S.C. Mar. 28, 2025), ECF No. 189 (the "Reconsideration Ruling").

On appeal, Haliron assails the Bench Verdict and the Reconsideration Ruling on various and sundry grounds.  To that end, an appeal from a judgment entered after a bench trial is "subject to a mixed standard of review, pursuant to which we review legal conclusions de novo and factual findings for clear error."  *See Va. Elec. & Power Co. v. Bransen Energy, Inc.*, 850 F.3d 645, 654 (4th Cir. 2017).  Importantly, as our Court has heretofore recognized, we are not permitted to "reverse the district court's findings simply because we would have decided the case differently."  *See Provident Life & Accident Ins.*

2

*Co. v. Cohen*, 423 F.3d 413, 418 (4th Cir. 2005) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  Rather, a district court's findings of fact after a bench trial can only be deemed clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *See HSBC Bank USA v. F&M Bank N. Va.*, 246 F.3d 335, 338 (4th Cir. 2001) (citing *Anderson*, 470 U.S. at 573).

In these circumstances, having carefully assessed the record on appeal — as well as the appellate submissions of the parties — we discern no reversible error concerning either the Bench Verdict or the Reconsideration Ruling.  Put simply, we are of opinion that the capable district judge prudently and thoroughly analyzed the trial evidence in making his detailed findings of fact, rendered legally sound conclusions of law based upon those factual findings, and properly entered the contested judgment for the defendants.

Pursuant to the foregoing, we are therefore satisfied to affirm the contested judgment on the well-reasoned opinions of the district court — that is, the court's Bench Verdict of June 2024 and the Reconsideration Ruling of March 2025.

*AFFIRMED*